IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO. 5:21-cv-00797 |
| v. | ) ) | COMPLAINT |
| LONE STAR AMBULANCE, | ) ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Rhonda Mills ("Mills") and Clarissa Lopez ("Lopez"). As alleged with greater particularity in paragraphs 11 through 12 below, the U.S. Equal Employment Opportunity Commission (the "Commission" or "EEOC") alleges that Lone Star Ambulance ("Defendant" or "Lone Star"), discriminated against Mills and Lopez by subjecting them to a sexually hostile work environment because of their sex, female, in violation of Section 703(a) of Title VII. The Commission further alleges that Defendant subjected Lopez to unlawful retaliation after she engaged in protected activity, in violation of Section 704(a) of Title VII. In addition, the Commission alleges that Mills was forced to resign from her position with Defendant because of the intolerable working conditions.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Texas, San Antonio Division.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a Texas corporation doing business in the State of Texas, and the City of San Antonio, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Mills and Lopez filed charges with the Commission alleging violations of Title VII by Defendant.

7. On April 21, 2021, the Commission issued to Defendant Letters of Determination finding reasonable cause to believe that Defendant violated Title VII and inviting Defendant to

join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letters of Determination.

9. On June 14, 2021, the Commission issued Defendant Notices of Failure of Conciliation, advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. Since at least March 2018, Defendant has engaged in unlawful employment practices at its 3700 Fredericksburg Road, Suite 131, San Antonio, Texas 78201 facility, in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a).

**Rhonda Mills**

    a. In or around April 2016, Defendant hired Mills as a Dispatcher.
    b. During her employment with Defendant, Mills was subjected to sexual harassment from the Executive Director (who is also an Owner).
    c. The Executive Director's sexual harassment of Mills included grabbing of the neck area, physically restraining and forcibly kissing her, and grabbing and groping of her breasts, vaginal area, and buttocks.
    d. In or around March 2018, the Executive Director sexually assaulted Mills by forcing her to have sexual intercourse, even though Mills told him "no." After the Executive Director sexually assaulted Mills, he asked Mills twice, "How important is your job to you?"
    e. In or around June 2018, the Executive Director locked Mills in an office and started kissing her while holding the back of her neck. Mills told the Executive Director "no," but he put his hands under her shirt, touched her breasts and her buttocks, and forced her to have sexual intercourse with him. The Executive Director told Mills, "Don't you want to keep your job?"
    f. In or around March 2019, the Executive Director locked the door, told Mills to stand up, and started rubbing Mills' body. Mills pushed him away and said "no," but he pulled her back and forced her to have sexual intercourse with him.

    g.        On or around May 24, 2019, the Wheelchair Supervisor (who was also the Executive Director's brother-in-law), assaulted Mills. He asked Mills to come into his office, then grabbed and touched her breasts, buttocks, and genital area. Mills told him "no," and tried to leave, but he pulled her back by her arm and continued to grope her.

    h.        On or around May 24, 2019, Mills was constructively discharged due to the intolerable working conditions.

### Clarissa Lopez

    i.        In or around January 2019, Defendant hired Lopez as a wheelchair van driver.

    j.        Soon after she began her employment, Lopez was subjected to sexual harassment by the Wheelchair Supervisor, her supervisor.

    k.        The Wheelchair Supervisor made daily harassing comments to Lopez about having an affair with him. He told Lopez she was going to have his baby and asked if she was having an affair with a coworker. The Wheelchair Supervisor frequently asked Lopez what her husband and his wife would say about them meeting or being together. Lopez told the Wheelchair Supervisor that she was not interested in having a relationship with him.

    l.        The Wheelchair Supervisor also asked Lopez if she liked golden showers and used his physical stature to block or trap Lopez in places so that she had no other choice but to stay there until he left.

12.    In addition to the above-referenced discrimination, Defendant engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a).

    a.        The Commission re-alleges and incorporates by reference the allegations set forth in paragraph 11(i)-(l).

    b.        Defendant subjected Lopez to retaliation after she engaged in protected activities, including objecting to her supervisor's sexual advances and reporting the harassment to multiple members of management.

    c.        As a result of Lopez's protected activity, Defendant discharged Lopez from employment.

13.    The effect of the practices complained of in paragraphs 11 through 12 above has been to deprive Mills and Lopez of equal employment opportunities and to otherwise adversely affect their status as employees because of their sex (female).

14.    The unlawful employment practices complained of in paragraphs 11 through 12 above were intentional.

15. The unlawful employment practices complained of in paragraphs 11 through 12 above were done with malice or with reckless indifference to the federally protected rights of Mills and Lopez.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from maintaining a sexually hostile work environment, and from any other employment practice which discriminates on the basis of sex, female;

B. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in retaliation against current, future or former employees who have opposed practices made unlawful by Title VII, who have participated in a proceeding under Title VII by filing a charge of discrimination with the Commission, or who have otherwise engaged in protected activity under Title VII;

C. Order Defendant to institute and carry out policies, practices, and programs which prohibit sex discrimination, including harassment, and retaliation, and which eradicate the effects of their past and present unlawful employment practices, including but not limited to annual training of all supervisors and managers concerning federal employment discrimination law, focusing in particular on sex discrimination and retaliation, and implementing and disseminating policies and procedures to prevent sexual harassment in the work environment, to effectively investigate complaints of sexual harassment and to instruct employees on recognizing and preventing sexual harassment;

  D. Order Defendant to make whole Rhonda Mills and Clarissa Lopez, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including reinstatement if appropriate or front pay in lieu thereof;

  E. Order Defendant to make whole Rhonda Mills and Clarissa Lopez, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 11 through 12 above, including relocation expenses, job search expenses, and medical expenses, in amounts to be determined at trial;

  F. Order Defendant to make whole Rhonda Mills and Clarissa Lopez, by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices as described in paragraphs 11 through 12 above, including but not limited to, humiliation, emotional pain and suffering, stress, depression, anxiety, inconvenience, loss of self-confidence, and loss of enjoyment of life, in amounts to be determined at trial;

  G. Order Defendant to pay Rhonda Mills and Clarissa Lopez punitive damages for engaging in discriminatory practices with malice or reckless indifference to their federally protected rights, as described in paragraphs 11 through 12 above, in an amount to be determined at trial;

  H. Grant such further relief as the Court deems necessary and proper in the public interest; and

  I. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

GWENDOLYN YOUNG REAMS
Acting General Counsel

/s/ Suzanne M. Anderson
SUZANNE M. ANDERSON
Acting Regional Attorney
Texas Bar No. 14009470

/s/ Edward Juarez
EDWARD JUAREZ
Supervisory Trial Attorney
Texas Bar No. 24014498

/s/ Esha Rajendran
ESHA RAJENDRAN
Trial Attorney
Texas State Bar No. 24105968
E-mail: esha.rajendran@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
San Antonio Field Office
5410 Fredericksburg Rd., Suite 200
San Antonio, Texas 78229-3555
Telephone: (210) 640-7574
Facsimile: (210) 281-7669

**ATTORNEYS FOR PLAINTIFF**