UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

   *Plaintiff*,

                          Case No.  SA-21-CV-00797-JKP

**v.**

LONE STAR AMBULANCE,

   *Defendant*.

## CONSENT DECREE

The parties to this Consent Decree are the Plaintiff, the United States Equal Employment Opportunity Commission (EEOC), Intervenor-Plaintiff Rhonda Mills, and Defendant Lone Star Ambulance. This Consent Decree resolves the allegations raised by the EEOC and Intervenor-Plaintiff in the above referenced Civil Action.

The EEOC initiated this lawsuit under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex discrimination and retaliation, and to provide appropriate relief to Rhonda Mills and Clarissa Lopez. More specifically, the EEOC alleged that the Defendant discriminated against Mills and Lopez by subjecting them to a sexually hostile work environment because of their sex, female, in violation of Section 703(a) of Title VII. The EEOC further alleged that Defendant subjected Lopez to unlawful retaliation after she engaged in protected activity, in violation of Section 704(a) of Title VII. In addition, the EEOC alleged that Mills was forced to resign from her position with Defendant because of the intolerable working conditions. Rhonda

Mills intervened in the EEOC's lawsuit asserting the same causes of action as alleged by the EEOC.

Defendant, Lone Star Ambulance denies that it or any of its employees harassed discriminated or retaliated in any way against Rhonda Mills and Clarissa Lopez or any other employees in violation of Title VII of the Civil Rights Act of 1964, as amended.

The Parties wish to settle this action, without the necessity of further litigation, pursuant to the terms delineated in this Consent Decree, with each party expressly acknowledging that this settlement is a compromise of disputed claims.

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth herein, the sufficiency of which is hereby acknowledged, the parties agree as follows, the Court finds appropriate, and therefore, it is **ORDERED, ADJUDGED AND DECREED** that:

1.      This Court has jurisdiction over the subject matter of this action, the Parties for purposes of this action, entry of the Consent Decree, and all proceedings related to the Consent Decree and its enforcement. Venue is proper and all administrative prerequisites to the EEOC and Intervenors-Plaintiff's filings have been met.

2.      This Consent Decree resolves all issues raised in EEOC's Complaint and Intervenor-Plaintiff's Complaint-in-Intervention in this case. EEOC and Intervenor-Plaintiff waive further litigation of all issues raised in the above referenced Complaints. EEOC, however, expressly reserves its right to process and litigate any other charges which may now be pending or may in the future be filed against Defendant.

3.      During the term of this Consent Decree, Defendant, its officers, successors, assigns, agents, servants, employees, managers, partners, and all persons in active concert or participation with them, are hereby enjoined from discriminating against any employees on the

basis of sex, female, in violation of Title VII; engaging in or being a party to any action, policy or practice that has the effect of harassing or intimidating any employee on the basis of sex; and creating, facilitating or permitting the existence of a work environment that is hostile to any employees through acts such as physical/verbal abuse and derogatory comments, on the basis of sex.

4.      During the term of this Consent Decree, Defendant, its officers, successors, assigns, agents, servants, employees, managers, partners, and all persons in active concert or participation with them, are enjoined from retaliating in any manner whatsoever against any employee for opposing any employment practice made unlawful by Title VII or for complaining of harassment or other unlawful discrimination, filing a discrimination charge, giving testimony or assistance, or participating in any lawful manner in any investigation, proceeding, hearing or action under Title VII.

5.      During the term of this Consent Decree, Defendant, its officers, successors, assigns, agents, servants, employees, managers, partners, in furnishing oral or written references concerning Rhonda Mills and Clarissa Lopez to prospective employers, shall provide a neutral reference for Rhonda Mills and Clarissa Lopez. Defendant shall verify employment dates and positions held by Rhonda Mills and Clarissa Lopez to any inquiring employer but shall make no reference to matters arising under or relating to any charges of employment discrimination and/or this lawsuit and shall not place any blame on Rhonda Mills and Clarissa Lopez as to the reasons for cessation of employment of claimants.

6.      Defendant shall, in settlement of this dispute, pay a total sum of $90,000.00 (Ninety-thousand DOLLARS), which will be paid and apportioned as follows:

(a)     Within 14 days of the entry of the Consent Decree, Defendant shall pay Ninety-thousand Dollars ($90,000.00) as follows:

3

l.     This figure includes $60,000.00 in settlement of the claims of Rhonda Mills. The EEOC and Intervenor-Plaintiff's Counsel in separate correspondence to the Defendant within three (3) days of the effective date of this Consent Decree shall provide Defendant instructions for allocation (including allocation of wage and non-wage income). Payment to Rhonda Mills shall be mailed to:

> Rhonda Mills (c/o Dennis Richard)
> 14255 Blanco Rd.
> San Antonio, TX 78216

2.     Clarissa Lopez shall be paid a total of $30,000.00 in settlement of all claims and damages.

a.     Of that total, an amount of $10,000 will be accompanied by the issuance of an IRS Form W-2, for wage damages, and shall be subject to applicable withholding and legal deductions. Defendant shall deduct only the employee's portion of FICA and applicable federal tax withholdings from the monetary damages allocated as wages.

b.     The remaining total of $20,000 shall be accompanied by an IRS Form 1099 MISC as damages recoverable under 42 U.S.C. §198l(a) of the Civil Rights Act of 1991, for non-wage, non-pecuniary compensatory damages, for which there shall be no withholdings or deductions by the employer. Payment to Clarissa Lopez shall be mailed to:

> Clarissa Lopez
> 700 Flintwood, Apt. 4
> Paragould, Arkansas 72450

A copy of the settlement checks and any accompanying transmittal documents shall be forwarded to the EEOC to the attention of Esha Rajendran, Trial Attorney, at 5410 Fredericksburg Rd., Suite 200, San Antonio, Texas 78229, esha.rajendran@eeoc.gov.

7.     If Defendant fails to tender payment or otherwise fails to timely comply with the terms of paragraph 6 above, Defendant shall:

(a)     Pay interest at the maximum rate allowed by law for any untimely or unpaid amounts; and

4

(b)     Bear any additional costs incurred by the EEOC caused by the non-compliance or delay of Defendant.

8.      There shall be an Outside Monitor, who, upon entry of the Consent Decree and for three (3) years thereafter, will have the responsibility to:

(a)     investigate independently and confidentially any and all complaints of sex-based discrimination, including, but not limited to, harassment based on sex (female) and retaliation reported to Defendant, or directly to the Outside Monitor;

(b)     make recommendations to Defendant regarding the appropriate disciplinary or corrective action to take to resolve a complaint of sex-based discrimination or harassment, or retaliation; and

(c)     maintain detailed written records of all complaints of sex-based discrimination or harassment, and retaliation, the investigation of such complaints, and the resolution of such complaints.

Nothing herein shall be construed as limiting, depriving or preventing Lone Star Ambulance from defenses ordinarily available to any such complaints of sex-based discrimination, harassment and/or retaliation.

Within ten (10) calendar days of entry of the Consent Decree, Defendant will also identify a person with experience and/or training in human resources who will have the responsibility to investigate complaints of sex-based discrimination and make recommendations to Defendant after the term of the Outside Monitor expires. After the term of the Outside Monitor expires, this individual shall have the same responsibilities and authority as the Outside

Monitor, and Paragraphs 9-13 below shall also apply to this individual for the duration of the Consent Decree.

During the first year of the Consent Decree, this individual will shadow the Outside Monitor as they discharge duties responding to complaints of sex-based discrimination. If this individual is no longer able to serve in this capacity during the term of the Consent Decree, Defendant will identify another person with experience and/or training in human resources to be responsible for these same duties and will so notify its employees and the EEOC.

9.     The Outside Monitor shall be Michael Latimer. If Michael Latimer is unable to perform the duties of the outside monitor the EEOC shall approve his replacement.

10.     Defendant shall notify the Outside Monitor of all complaints of sex-based discrimination or harassment, and retaliation reported to Defendant and shall transmit to the Outside Monitor all documentation of each such complaint reported to them as soon as practicable and, in any event, no later than two (2) business days after they receive any such complaint. "Reported to defendant" shall mean written complaints delivered to the executive director and director of operations. Lonestar Ambulance policy will continue to allow verbal unwritten complaints as a manner of reporting; however, for notice to and review by the Outside Monitor, such complaints should also be confirmed in writing by the employee.

11.     Defendant shall inform all employees of the appointment and function of the Outside Monitor both in writing and orally within ten (10) calendar days of entry of the Consent Decree, and each individual who makes a complaint (whether oral or written) to Defendant shall again receive, upon making a complaint, a written notice informing them of the existence and function of the Outside Monitor. Both the initial notice and the notice distributed upon receipt of

a complaint shall provide the name, telephone number, electronic mail address, and street address at which the Outside Monitor may be reached.

12.     Defendant shall fully cooperate with the Outside Monitor in connection with their efforts to investigate complaints of sex-based discrimination, including harassment, and retaliation within seven (7) calendar days of their receipt of the complaint. The Outside Monitor, as they deem it necessary or appropriate, shall have access to Defendant's facilities.

13.     In the event the Outside Monitor determines that any employee, including any manager, officer or owner, of Defendant has engaged in sex-based discrimination, including harassment, or retaliation, Defendant shall take all necessary and appropriate remedial measures, as recommended by the Outside Monitor, unless they can demonstrate to the satisfaction of the Outside Monitor that such recommendation would pose an actual and substantial threat to the continued operation or solvency of the business. If Defendant determines that additional remedial measures beyond those recommended by the Outside Monitor are necessary and appropriate, they may take such additional remedial measures, but must at a minimum take the remedial measures recommended by the Outside Monitor, subject to the provision above. Nothing herein shall be construed as limiting, depriving or preventing the employee complainant from pursuing her rights to file a charge with the EEOC, nor shall it preclude the defendant from asserting arguments or defenses ordinarily available to respond to the individual or the EEOC regarding any such complaints.

14.     Defendant shall be responsible for compensating the Outside Monitor at a rate to be agreed upon BY DEFENDANT AND OUTSIDE MONITOR and shall pay any and all reasonable costs and expenses of the Outside Monitor that they deem necessary or appropriate to fulfill their work as the Outside Monitor.

15.     Defendant shall adopt, in writing, a policy against employment discrimination ("Policy") within 20 calendar days after the approval and entry of this Consent Decree and shall maintain such Policy for the term of this Consent Decree. Defendant shall provide copies of the Policy to all employees no later than 30 calendar days after entry of this Consent Decree and to all new employees at the time they are hired. The Policy shall, at a minimum include:

(a)     A statement expressing Defendant's strong and clear commitment to a workplace that complies with Title VII, and in particular is free of unlawful discrimination and harassment based on sex and retaliation;

(b)     A statement encouraging employees who believe they have been discriminated or retaliated against, or who believe they have witnessed discrimination or retaliation, to report it;

(c)     A requirement that persons who complain about discrimination or retaliation or participate in the EEOC process shall not be retaliated against, and that Defendant will take disciplinary and corrective action against any employee, supervisor, manager or officer who engages in retaliation or, if a supervisor, manager or officer, condones discrimination or retaliation, or fails to address either in conformity with the law and these policies and procedures;

(d)     A requirement that the identity of employees who complain about, report or are witnesses to discrimination or retaliation, or witnesses in investigations of discrimination or retaliation, shall be protected;

(e)     Clear definitions of sex harassment and retaliation, with examples where appropriate;

(f)     Convenient, confidential and reliable mechanisms for reporting incidents of harassment and retaliation;

(g)     A statement that employees may raise concerns or complaints without retaliation about matters, whether alleged, perceived or actual, prohibited by Title VII and the policies and procedures generated by this Consent Decree;

(h)     Inform employees that they are entitled to make complaints or reports of unlawful employment discrimination, including harassment, to the Outside Monitor, any manager at Defendant, and/or to the EEOC;

(i)     Inform employees that the Outside Monitor during the duration of the Consent Decree, and thereafter, will investigate thoroughly and promptly all such complaints and reports and shall provide that employees who violate the Policy are subject to discipline up to and including discharge;

(j)     A requirement that any supervisory, managerial, or human resources employee who observes or otherwise obtains information regarding harassment and retaliation report such information immediately to the head of Defendant's human resources office or Defendant's official who has the authority to take prompt and effective remedial action;

(k)     A statement that requires Defendant, its officers, directors, managers, supervisors, recruiters, and human resource personnel be trained on the requirements of Title VII and the policies and procedures generated by this Consent Decree;

(l)     A statement that requires Defendant to thoroughly review these policies and procedures with all employees as part of their employee orientations and scheduled trainings at all facilities and locations;

(m)     A statement that requires and provides a system for ensuring the dissemination of Defendant's Title VII discrimination policies, and the policies and procedures generated by this Consent Decree, to all Defendant's employees; and

(n)     Defendant shall forward a copy of the Policy to the EEOC and Outside Monitor within 10 calendar days after entry of this Consent Decree.

16.     No later than 30 calendar days after entry of the Consent Decree, Defendant shall post its Policy in a conspicuous location on a bulletin board or other physical space that is regularly used by Defendant for posting legal notices concerning employee rights. The policy shall remain posted in this manner for the term of the Consent Decree. Defendant shall also distribute a copy of its Policy to all employees via electronic mail.

17.     Within ninety (90) days of the effective date of this Consent Decree, Defendant shall provide not less than three (3) hours of training on Title VII, including a primary focus on sexual harassment and retaliation training to all its current employees.

(a)     The purpose of this training is to educate both management and non-management employees on the definition of sexual harassment and the rights and responsibilities of employees and management. All employees will be required to attend the training;

(b)     This training will explain that sex-based discrimination and retaliation, and in particular harassment based on an individual's sex, violates Title VII; it will instruct what conduct may constitute sex-based discrimination, sex harassment, and/or retaliation under Title VII; it will specifically address how to handle, investigate, respond to, and accurately record Title VII complaints based on sex discrimination, sex harassment, and/or retaliation; and explain the damaging effects discrimination causes to victims, their families and co-workers, and the workplace environment; and

(c)     The training shall be conducted by an experienced outside consultant or an attorney licensed in the State of Texas who specializes in employment law. The attorney selected shall send a copy of the training presentation

outline to the EEOC at least fifteen (15) days before any training session occurs. The EEOC shall have the right to approve of the consultant or attorney selected to conduct the training and the materials used in conjunction with such training.

18.     During the term of this Consent Decree, Defendant shall, within twenty (20) days of the annual anniversary of the effective date of this Consent Decree, provide not less than two (2) hours of Title VII refresher training to all of its employees, in accordance with terms set forth in Paragraph 17.

19.     Within ten (10) days after the completion of each required training session, the Defendant shall certify to the EEOC, in writing, that the required training has taken place and that the required personnel attended. Such certification shall include: (i) the date, location and duration of the training; and (ii) a copy of the registry of attendance which shall include the name and position or title of each person in attendance.

20.     Within ten (10) days of the effective date of this Consent Decree, Defendant shall post copies of the Notice attached as Exhibit A to this Consent Decree in a conspicuous location on a bulletin board or other physical space that is regularly used by Defendant for posting legal notices concerning employee rights. The Notice shall remain posted in this manner for the term of this Consent Decree. Defendant shall take all reasonable steps to ensure that the posting is not altered, defaced, or covered by any other material. Defendant shall permit a representative of the EEOC to enter Defendant's premises for purposes of verifying compliance with this Paragraph at any time during normal business hours without prior notice.

21.     No later than ten (10) business days after entry of this Consent Decree, Defendant shall distribute a copy of the Notice attached as Exhibit A to this Consent Decree to all employees via electronic mail.

22. No later than twenty (20) business days after entry of this Consent Decree, Defendant shall certify to EEOC in writing that the Notice has been properly posted and distributed in accordance with Paragraphs 20 and 21.

23. During the term of this Consent Decree, Defendant shall maintain and make available for inspection and copying by the EEOC written records of every complaint or report by any employee of sexual harassment, including sex discrimination, and retaliation. For each such complaint or report, such records shall include: (a) the name of the employee who made the complaint or report and that employee's address and telephone number; (b) the date of the complaint or report; (c) the name and position of each employee who was made aware of the complaint; (d) a written description of what was alleged in the complaint or report; (e) a written description of the resolution or outcome of the complaint or report, including a description of what actions, if any, Defendant took, and the name and position of all persons involved in any actions taken; and (f) if the complaint or report was made in written form, a copy thereof.

24. Defendant shall require personnel within its employ, upon request by the EEOC, to cooperate reasonably with and to be interviewed by the EEOC for purposes of verifying compliance with this Consent Decree.

25. The terms of this Consent Decree shall be binding upon the EEOC, Intervenor-Plaintiff and Defendant, its agents, officers, employees, servants, successors, and assigns, as to the issues resolved herein.

26. The parties to this Consent Decree shall bear their own costs and attorneys' fees incurred in this action as of the date of entry of this Consent Decree by the Court.

27. The duration of this Consent Decree shall be five (5) years from the date of its entry with the Court. The Parties agree that the Court shall retain jurisdiction of this case during

the term of this Consent Decree to enforce compliance and to take any action necessary and appropriate for its interpretation, execution, modification, and adjudication of disputes regarding the Consent Decree.

28.     If the EEOC believes that Defendant has not complied with any term or provision of this Consent Decree, it shall provide written notice of the alleged non-compliance prior to taking any action thereon (the "Notice of Alleged Non-Compliance"). The Notice of Alleged Non- Compliance shall include the Paragraph(s) of this Consent Decree alleged to be violated and a statement of the facts and circumstances relied upon as the basis of the EEOC's claim of noncompliance. Defendant shall have thirty (30) days from receipt of the Notice of Alleged Non-Compliance to respond to the EEOC regarding the alleged violation, during which time the EEOC shall not undertake any enforcement action. The thirty (30) day period may be extended by written agreement executed by the EEOC and Defendant. If the EEOC and Defendant are unable to resolve their dispute regarding the alleged violation, then the EEOC may seek enforcement of this Consent Decree with respect to the alleged violation in the United States District Court for the Western District of Texas, San Antonio Division.

29.     When this Consent Decree requires the submission by Defendant of documents or other materials to the EEOC, such documents or other materials shall be mailed and emailed to Esha Rajendran, Trial Attorney, United States Equal Employment Opportunity Commission, San Antonio Field Office, 5410 Fredericksburg Road, Suite 200, San Antonio, Texas 78229, esha.rajendran@eeoc.gov.

30.     This Consent Decree shall become final and effective for all purposes upon approval and entry by the Court. The "effective date" shall be utilized for the calculation of all time periods and actions required pursuant to this Consent Decree.

It is so ORDERED.
SIGNED this 26th day of August, 2022.

_____
JASON  PULLIAM
UNITED STATES DISTRICT JUDGE

Exhibit A

## <u>NOTICE OF RESOLUTION</u>

This NOTICE is being posted pursuant to a Consent Decree between Lone Star Ambulance, and the U.S. Equal Employment Opportunity Commission (EEOC). This NOTICE will be conspicuously posted for a period of five (5) years at this facility and in all places where employment notices are posted. It must not be altered, defaced, or covered by any other material.

Federal law requires that there be no discrimination against any employee or applicant for employment because of that person's race, color, religion, sex, or national origin with respect to hiring, compensation, promotion, discharge, or other terms, conditions or privileges of employment. Lone Star Ambulance in particular, does not tolerate sex-based discrimination, including sex harassment, or retaliation against any employee because that person has opposed what they believe to be unlawful employment practices, including sex discrimination; or has filed a charge of discrimination, or has given testimony, assistance, or has participated in any manner in any investigation, proceeding or hearing under Title VII of the Civil Rights Act of 1964.

**DEFINITION:** Sexual harassment is a form of sex-based discrimination that consists of unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature. This type of conduct can constitute sexual harassment when submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment; submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individuals; or such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment. Whether the offense is made by a manager, co-worker, or even a non- employee like a client, contractor, or vendor, such conduct can create a hostile work environment. Some examples of sexual harassment are:

* Sending sexually suggestive letters, notes, text messages, or e-mails;
* Displaying inappropriate sexual images or posters in the workplace;
* Telling lewd jokes, or sharing sexual anecdotes;
* Making inappropriate sexual gestures;
* Staring in a sexually suggestive or offensive manner, or whistling;
* Making sexual comments about appearance, clothing, or body parts;
* Inappropriate touching, including hugging, pinching, patting, nibbing, or purposefully brushing up against another person;
* Requests for sexual favors; and/or
* Sexual assault.

This list is in no means exhaustive. There are other forms of sex discrimination.

**DEFINITION:** Retaliation is the punishment of an employee for engaging in a protected activity, such as reporting discriminatory conduct, filing a discrimination charge, opposing

14

unlawful employer practices, and/or testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under Title VII. Some examples of retaliation are:

*       Suspension;
*       Reduction of pay;
*       Discharge;
*       Reassignment of job duties;
*       Reduction of work hours;
*       Reassignment to a different work shift;
*       Intimidation; and/or
*       Any action affecting employment such as threats, unjustified negative evaluations,     unjustified negative references, or increased surveillance.

This list is in no means exhaustive. There are other forms of retaliation.

**RESPONSIBILITY:** Each level of management is responsible for ensuring that all personnel policies, procedures, and activities are in full compliance with applicable federal, state, and local equal employment laws, statute, rules, and regulations regarding discrimination. All employees are expected to read, understand, and follow Lone Star Ambulance's Policy Prohibiting Sex-Based Discrimination and Retaliation.

**REPORTING PROCEDURES:** Any employee who believes that he or she has been subjected to discrimination based on sex or retaliation is expected to report the conduct as soon as possible to either that person's immediate supervisor, or the Human Resources Director or Outside Monitor if applicable. While a complaint can be made and will be received as an unwritten verbal/oral report, the complaint should be confirmed in writing for submission to the Outside Monitor for review. Supervisors who receive such complaints will promptly notify the Human Resources Director or Outside Monitor, if applicable. A person either alternatively, or in addition to reporting such an allegation to company officials, may contact the U.S. Equal Employment Opportunity Commission for the purposes of filing a charge of employment discrimination. The address and telephone number of the U.S. EEOC office is 5410 Fredericksburg Road, Suite 200, San Antonio, Texas 78229, (210) 640-7530. Information about your rights and how to file a charge is available on the Internet at www.eeoc.gov.

**INVESTIGATION OF COMPLAINTS:** Upon receipt of a complaint of discrimination, a complete investigation of each complaint will be facilitated immediately by Lone Star Ambulance's Human Resources Department or the Outside Monitor if applicable. The investigation may include interviews of all employees and supervisors at the facility.

**PUNISHMENT FOR VIOLATION:** Employees who engage in sex-based discrimination including, but not limited to, sexual harassment and/or retaliation, including supervisors and managers, can expect serious disciplinary action. After an appropriate investigation, any employee, whether management or non-management, who has been found to have discriminated against another employee will be subject to appropriate sanctions, depending on the circumstances, from a written warning in his or her personnel file up to and including termination of employment.

**RETALIATION:** There shall be no retaliation against any employee because that person has opposed in good faith what they believe to be unlawful employment practices, including sexual harassment or discrimination; or has filed a charge of discrimination, or has given testimony, assistance, or has participated in any manner in any investigation, proceeding or hearing under Title VII of the Civil Rights Act of 1964. Lone Star Ambulance will not punish you for reporting sex-based discrimination, sexual harassment, or simply because you have made a complaint under the above guidelines.

THIS IS AN OFFICIAL NOTICE AND MUST NOT BE REMOVED OR DEFACED BY ANYONE. THIS NOTICE WILL BE POSTED FOR A PERIOD OF FIVE (5) YEARS.

Signed this ___9___ day of ___August___, 2022.

_____

LONE STAR AMBULANCE